**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY 15-42460 |
| Paul Robert Hansmeier, | |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV No. 16-4018 |
| Plaintiff, | **JOINT ANSWER OF DEFENDANTS PAUL HANSMEIER AND PADRAIGIN BROWNE** |
| v. | |
| Paul Hansmeier and Padraigin Browne, | |
| Defendants. | |

Defendants, Paul Hansmeier and Padraigin Browne, for their Joint Answer to

Plaintiff's Complaint, deny each and every allegation matter and thing in the Complaint

except as herein admitted answered or qualified, and state and allege as follows:

1.      Defendants admit the allegations of Paragraph 1.

2.      Defendants admit the allegations of Paragraph 2.

3.      Defendants admit the allegations of Paragraph 3.

4.      Defendants admit the allegations of Paragraph 4.

5.      Defendants admit the allegations of Paragraph 5.

6.      Defendants admit the allegation of Paragraph 6.

7.       Defendants admit the allegation of Paragraph 7.

8.      Defendants deny the allegations of Paragraph 8.

9.      With respect to the allegations of Paragraph 9, Defendants admit that the

property was occupied as their Homestead until October 2015.  Defendants affirmatively

allege that they had an intent to return to the Property if it had not sold in a timely manner,

and to otherwise maintain their homestead interest in the Property during the pendency of its

sale.

10.     Defendants deny the allegation of Paragraph 10.

11.     Defendants admit the allegation of Paragraph 11.

12.     Defendants admit the allegation of Paragraph 12.  Defendants affirmatively

allege the Property value stated on the Schedule A was consistent with Hennepin County

Government's valuation of the property as well as an Internet-based valuation found on

Zillow.com.

13.     Defendants admit the allegation of Paragraph 13.

14.     Defendants deny the allegation of Paragraph 14.  Defendants affirmatively

allege the Plaintiff mischaracterizes the nature of the listing agreement.

15.     Defendants deny the allegations of Paragraph 15

16.     Defendants deny the allegations of Paragraph 16.

17.     Defendants admit the allegations of Paragraph 17.

18.     Defendants admit the Trustee filed a motion to convert on November 12, 2015,

Defendants deny all other allegations of Paragraph 18.

19.     Defendants admit Hansmeier filed a motion seeking approval of the sale of the

property. Defendants deny all other allegations of Paragraph 19.

20.     Paragraph 20 purports to summarize an Order of the Court. The Order is a

legal document which speaks for itself.

21.     Defendants admit the allegations of Paragraph 21.

22.     Paragraph 22 purports to summarize "closing costs" outlined on the Closing

Statement attached as Exhibit B of the Complaint. The Closing Statement is a document

which speaks for itself.

23.     Defendants deny the allegation of Paragraph 23.  Defendants affirmatively

allege that the amount listed as net proceeds to the Trustee on the Closing Statement attached

as exhibit B to the complaint is $436,506.21.

24.     Paragraph 24 contains no allegations to which a response is required.

25.     Paragraph 25 calls for a legal conclusion regarding the allocation of real estate

commission fees, to which no response is required. To the extent Paragraph 25 contains

allegations for which a response is required, Defendants deny Paragraph 25.

26.     Paragraph 26 calls for a legal conclusion regarding the allocation of state deed

tax, which does not require a response. To the extent Paragraph 26 contains allegations for

which a response is required, Defendants deny Paragraph 26.

27.     Paragraph 27 calls for a legal conclusion regarding the allocation of debts

relating to labor and materials provided for the property, which does not require a response.

To the extent Paragraph 27 contains allegations to which a response is required, Defendants

deny Paragraph 27.

28.     Paragraph 28 calls for a legal conclusion regarding the allocation of the

"Balance of HOA dues to the Carlyle" and "Reimburse Realtor" expenses, to which no

response is required. To the extent that Paragraph 28 contains allegations to which a response

is required, Defendants deny Paragraph 28.

29.     Paragraph 29 calls for a legal conclusion to which no response is required. To

the extent Paragraph 29 contains allegations to which a response is required, Hansmeier's

Schedule A speaks for itself.

30.     Defendants admit Paragraph 30 to the extent that Paragraph 30 acknowledges Defendant's $390,000 homestead exemption under Minn. Stat. 510.04.  To the extent Paragraph 30 includes other allegations to which a response is required, Defendants deny Paragraph 30.

31.     Paragraph 31 calls for a legal conclusion, to which no response is required. To the extent Paragraph 31 contains allegations for which a response is required, Defendants deny Paragraph 31.

32.     Paragraph 32 calls for a legal conclusion, to which no response is required.  To the extent Paragraph 32 contains allegations for which a response is required, Defendants deny Paragraph 32.

33.     Defendants admit that Browne is entitled to recover her ½ interest in the property above the amount of homestead exemption determined by the Court. Defendants deny that the exemption value is below the statutory amount of $390,000.  Paragraph 33 calls for a legal conclusion which does not require a response. To the extent Paragraph 33 contains allegations for which a response is required and to which Defendants have not otherwise admitted, Defendants deny Paragraph 33.

34.     Paragraph 34 calls for a legal conclusion, to which no response is required. Defendants admit that they are entitled to, at the very least, the amount set forth in Paragraph 34. Defendants affirmatively allege they are entitled to the net sale proceeds of $436,506.21 set forth in the Closing Statement attached as Exhibit B to the Complaint. To the extent Paragraph 34 contains allegations for which a response is required and to which Defendants have not otherwise admitted, Defendants deny Paragraph 34.

35.     Paragraph 35 calls for a legal conclusion, to which no response is required.  To

the extent Paragraph 35 contains allegations for which a response is required, Defendants

deny Paragraph 35.

### AFFIRMATIVE DEFENSES

1.     As a separate and alternative defense to the Complaint, the Defendants allege

that the claims contained in the Complaint may be barred by any or all of the affirmative

defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure.  To the extent

Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set

forth above and cannot be determined until the Defendants have had the opportunity to complete

discovery, the Defendants therefore incorporate all such affirmative defenses as if fully set forth

herein.

**WHEREFORE**, Defendants Paul Hansmeier and Padraigin Browne, respectfully

seek an Order from the Court holding:

1. That the Defendants are entitled to an allocation in the following amounts

   currently held by the trustee, from the sale of the Property:

   a.  Defendants Paul Hansmeier and Padraigin Browne:  $390,000

       jointly

   b.  Defendant Padraigin Browne: $46,506.21

2. Attorney's fees and costs as provided by law.

3. Granting Defendants such other and further relief as the Court deems just

   and equitable.

Dated: March 16, 2016

By: _____

Paul Hansmeier
100 5th St. S, Suite 1900
Minneapolis, MN
(612) 326-9801
mail@classjustice.org

*In propria persona*


**DAVE BURNS LAW OFFICE, LLC**


Dated: March 16, 2016

By: _/e/ David M. Burns_____

David M. Burns #337869
475 Grain Exchange North
301 Fourth Avenue South
Minneapolis, MN 55415
(612) 677-8351
dave@daveburnslaw.com

Attorney for Padraigin Browne

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

I, David M. Burns, attorney of Padraigin Browne declare that on March 16, 2016, I served an ANSWER TO COMPLAINT on all filing users of this case by electronic mail via the court's CM/ECF server.


                                                 DAVE BURNS LAW OFFICE, LLC

Dated:  March 16, 2016                            /e/ David M. Burns
                                                 David M. Burns #337869
                                                 475 Grain Exchange North
                                                 301 Fourth Avenue South
                                                 Minneapolis, MN   55415
                                                 (612) 677-8351

                                                 Attorney for Padraigin Browne