## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

|  | BKY No. 15-42460 |
|---|---|
| In re: | ADV No. 16-4018 |

Paul Hansmeier,

      Debtor.
_____

Randall L. Seaver, Trustee,

      Plaintiff,

vs.

**NOTICE OF HEARING AND MOTION FOR AUTHORIZATION TO FILE AMENDED COMPLAINT**

Paul Hansmeier and Padraigin Browne,

      Defendant.
_____

TO: Defendant Paul Hansmeier; Defendant Padraigin Browne and her attorney.

1. The undersigned, counsel to the Plaintiff herein, moves the court for authorization to file and serve an Amended Complaint and gives notice of hearing.

2. The court will hold a hearing on this motion at <u>10:30 a.m</u>. on <u>July 6, 2016</u>, in Courtroom 8 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

3. Any response to this motion must be filed and served by delivery not later than <u>July 1, 2016</u> which is five days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding.

5. This motion arises under Bankruptcy Rule 7015, wherein Plaintiff seeks authorization to file and serve an Amended Complaint in this adversary proceeding. A copy of the Amended Complaint with the amended portions red-lined is attached hereto as Exhibit A.

6. The original complaint commencing this action was filed on February 22, 2016. The Defendant filed an answer to the original complaint on March 16, 2016. The Court issued a scheduling order on March 25, 2016. The Court heard Defendant's motion for summary judgment and Plaintiff's motion for summary judgment on May 18, 2016. The court denied both motions.

7. The amended complaint seeks to address issues raised by the Court at the May 18, 2016 hearing on the parties' motions for summary judgment, and to bring the Complaint in line with the Court's comments, as interpreted by the Plaintiff.

8. The Plaintiff sent a draft copy of a proposed Amended Complaint, in a form slightly different than the attached Exhibit A, to the Defendants on June 10, 2016, notifying them of his intention to seek authorization to file the amended complaint in the event the parties were unable to reach a settlement.

9. To date, Plaintiff has received no discovery requests from the Defendants.

WHEREFORE, the Trustee respectfully requests the court's authorization to file and serve an Amended Complaint in the form attached hereto as Exhibit A.

**FULLER, SEAVER,
SWANSON & KELSCH, P.A.**

Dated: June 15, 2016        By: /e/ Matthew D. Swanson
                                                        Matthew D. Swanson        390271
                                                        Randall L. Seaver              152882
                                                        12400 Portland Avenue South, Suite 132
                                                        Burnsville, MN 55337
                                                        (952) 890-0888

                                                        Attorneys for Plaintiff

## VERIFICATION

I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Paul Hansmeier, and Plaintiff in the above captioned adversary case, the moving party named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on June 15, 2016                     /e/ Randall L. Seaver
                                                                Randall L. Seaver

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Paul Hansmeier,<br><br>    Debtor. | BKY No. 15-42460<br>ADV No. 16-4018———— |
| Randall L. Seaver, Trustee,<br><br>    Plaintiff,<br><br>vs.<br><br>Paul Hansmeier and Padraigan Browne,<br><br>    Defendants. | <u>**Amended Complaint**</u>~~Complaint~~ |

Randall L. Seaver, Trustee ("Trustee" or "Plaintiff") of the Bankruptcy Estate of Paul Hansmeier ("Debtor"), as and for his Complaint against Paul Hansmeier ("Hansmeier") and Padraigan Browne ("Browne"), states and alleges as follows:

### JURISDICTION AND VENUE

1. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015. The case was converted to one under Chapter 7 on December 3, 2015, and Plaintiff is the trustee.

2. This is an action for declaratory judgment regarding the allocation of assets from the sale of bankruptcy estate property, pursuant to 11 U.S.C. §§ 541, 522, Minn. Stat. § 510.01, Fed.R.Bank.Pro. 7001(2) and (9), and 28 U.S.C. § 2201.



EXHIBIT A

3.    This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2) and 1334.

4.    Venue in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5.    Plaintiff, Randall L. Seaver, is the duly qualified and acting Chapter 7 panel trustee for the bankruptcy estate of Paul Hansmeier ("Estate").

6.    Defendant Paul Hansmeier is the debtor in the underlying bankruptcy case, and the Defendant Padraigin Browne is the spouse of the debtor. Both defendants are residents of Minnesota.

### Factual Background

7.    In March, 2013, Hansmeier and Browne purchased a condominium located at 100 Third Avenue South #3201, Minneapolis, MN 55401, and legally described as: Unit No. 3201, Common Interest Community No. 1380, The Carlyle, Hennepin County, Minnesota ("Property").

8.    The purchase price for the Property was $775,000.00. The purchase of the Property was financed by a payment at closing in the amount of $157,579.74, provided solely by Hansmeier, together with a mortgage in the amount of $620,000.00, upon which Browne and Hansmeier were both liable.

9.    On information and belief, Hansmeier and Browne occupied the Property as their homestead until October, 2015, at which time they moved out of the Property.

10.    From the time that the Property was purchased until it was sold in December, 2013, most of the mortgage payments were paid by funds which originated from Hansmeier.

11. On July 13, 2015, Hansmeier filed a Chapter 13 bankruptcy petition. Browne did not file for bankruptcy.

12. In his Schedule A, filed on July 13, 2015, Hansmeier stated, under penalty of perjury, that the Property had a value of $885,000.00, and was subject to a secured claim of $597,852.60.

13. In his Schedule C, filed on July 13, 2015, Hansmeier claimed an exemption in the Property of $287,137.40 pursuant to Minn. Stat. §§ 510.01 and 510.02.

14. On September 16, 2015, Hansmeier and Browne signed a listing contract with Lakes/Sotheby's International Realty, in which they agreed to offer the Property for sale for the price of $1,300,000.00. Hansmeier never sought court approval of the listing agreement. Hansmeier and Browne agreed to pay Sotheby's a commission of 6% on the happening of any of the following events:

    a. The closing of the sale;
    b. Seller's refusal to close the sale; or
    c. Seller's refusal to sell at the price and terms specified above.

15. Even thought he had already signed a $1,300,000 listing agreement for the property, on September 22, 2015, Hansmeier verified and filed a motion to avoid the judgment lien of Sandipan Chowdhury, based on the argument that the lien impaired his homestead exemption claim, which was still based on the scheduled valuation of $885,000.00.

16. Hansmeier did not notify the Chapter 13 Trustee that the property was listed for sale.

17. On, or about, November 9, 2015, Hansmeier and Browne accepted an offer to sell the Property for $1,200,000.

3

18. On November 12, 2015 the United States Trustee's Office filed a motion to convert the Debtor's case to a case under Chapter 7, citing among other things in support of the motion the Debtor's concealment of the listing agreement and contract to sell the Property.

19. On November 25, 2015, Hansmeier filed a motion seeking approval of the sale of the Property for $1,200,000. The motion was opposed, in part, by the United States Trustee and various creditors, seeking to deny the relief requested pertaining to the distribution of sales proceeds.

20. On December 3, 2015, the Bankruptcy Court heard the 1) motion to approve the sale of Property; and 2) motion to convert the case to a case under Chapter 7. After oral arguments the court entered orders: 1) converting the Debtor's case to a case under Chapter 7; and 2) approving the sale of the Real Property for $1,200,000. The Court's order approving the sale of the Property also provided for the necessary closing costs to be paid and that all remaining proceeds be held by the Chapter 7 trustee pending further order of the Court. A true and correct copy of the Order approving the sale of the Property is attached hereto as Exhibit A.

21. The sale of the Property closed on December 15, 2015. A true and correct copy of the closing statement is attached hereto as Exhibit B.

22. Included among the deductions from the sale proceeds, are the following:

| | |
|---|---|
| Judgment payoff to Best & Flanagan, LLP Trust Account ref. Chowdhury | $71,620.90 |
| Broker Commission (Listing) to Lakes Sotheby's International Realty | $495.00 |
| Listing Commission to Lakes Sotheby's International Realty | $39,600.00 |
| Selling Commission to Coldwell Banker Burnet | $32,400.00 |
| State Deed Tax to Burnet Title | $4,080.00 |

| | |
|---|---:|
| Balance of HOA dues to the Carlyle | $1,112.91 |
| Contractors Invoice to J. Nordstrom | $150.00 |
| Electrical Useage to The Carlyle | 150.00 |
| Escrow for Nicollet Mall pending assessment and escrow fee to Burnet Title Master Escrow | $1,962.00 |
| HOA dues current letter to First Service Residential | $185.00 |
| Invoice for carpet to Midwest interiors | $1,800.00 |
| Invoice for flooring to Duane's Floor Service | $4,065.00 |
| Invoice for painting to Roell | $3,105.00 |
| Invoice to Pride Electric | $450.00 |
| Lights and cleaning to Fix Design Haus | $4,861.83 |
| Reimbursed realtor for resale disclosure to Ben Ganje | $160.00 |
| | Total: $166,197.64 |

(Hereinafter the "Closing Costs").

23. The net proceeds received by the Trustee from the sale of the Property is $435,906.21.

## ISSUES FOR DETERMINATION

24. The Trustee believes there is a dispute among the parties as to the proper allocation of the Closing Costs and the resulting distribution of the net closing proceeds currently in the possession of the Trustee.

I. ~~ALLOCATION OF EXPENSES PAID AT CLOSING~~

25. All of the commission fees totaling $72,495.00 were the personal obligations of Hansmeier and Browne, not of the bankruptcy estate. The Chapter 13 trustee was not a party to

5

the listing agreement. Hansmeier did not disclose to the Court or to the Chapter 13 trustee that he and Browne were entering into the listing agreement, nor did he seek approval from the Bankruptcy Court to enter into the listing agreement. The employment of a real estate agent was never approved by the Bankruptcy Court and the payment of commissions at closing was simply a payment of an obligation owed solely by Hansmeier and Browne. The commission expenses of $72,495 must be allocated to Hansmeier and Browne, and paid from the funds which Hansmeier has claimed as exempt.

26. The state deed tax to Burnet Title in the amount of $4,080.00 is a sale expense incurred solely as a result of Hansmeier and Browne's decision to sell the Property, and is an expense which must be allocated to and paid by them with monies which would otherwise be exempt from creditors.

27. Prior to the sale of the Property, the following debts relating to labor and materials were provided for the Property:

| | |
|---|---|
| Midwest Interiors Carpeting | $1,800.00 |
| J. Nordstrom Invoice | $150.00 |
| Duane's Floor Service | $4,065.00 |
| Roell Painting | $3,105.00 |
| Pride Electric | $450.00 |
| Fix Design House | $4,861.83 |
| Total: | $14,431.83 |

These invoices were left unpaid by Browne and were paid from the sale proceeds at closing. The unpaid obligations of Browne would be liens against the homestead interest and are not exempt

6

from the homestead exemption of either Hansmeier or Browne pursuant to Minn. Stat. § 510.05. These expenses should be allocated to Browne and Hansmeier's portion of the exempt sales proceeds.

28. The "Balance of HOA dues to the Carlyle" in the amount of $1,112.91 and the "Reimburse Realtor" in the amount of $160.00 are joint obligations of Hansmeier and Browne individually and must be paid by them with monies which would otherwise be exempt from creditors.

### COUNT 1
### ALLOCATION OF EXPENSES AMONG PARTIES

29. ~~II. DIST~~ Plaintiff realleges paragraphs 1 through 28 of this Complaint. ~~RIBUTION OF SALE PROCEEDS~~

~~29.~~30. The only exemption claimed in the Property by Hansmeier is in a dollar specific amount of $287,137.40.

~~30.~~31. It appears that although the Property was not Browne's homestead at the time of sale, as a result of Minn. Stat. §510.04, they would be entitled to jointly exempt a total of $390,000.

~~31.~~32. Pursuant to the discussion above, the Plaintiff believes that the exempt portion of the sales proceeds should be reduced by the following amounts:

| | |
|---|---|
| Broker and listing commissions | $72,495.00 |
| State Deed Tax | $4,080.00 |
| HOA and Realtor Reimbursement | $1,272.91 |

7

| | |
|---|---:|
| Browne contracts for services to the Property | $14,431.83 |
| Miscellaneous Browne and Hansmeier expenses per HUD | $3,297.00 |
| Title charges and escrow | $580.00 |
| Government recording and transfer charges | $46.00 |
| | Total: 96,202.74 |

32.33. The reduction above results in an amount payable to Hansmeier and Browne for their exempt interest in a total amount of $293,797.26. Hansmeier and Browne are each entitled, therefore, to a payment from the trustee of $146,898.63 in sale proceeds.

33.    Browne would also be entitled to a payment from the trustee attributable to her ½ interest in the Property above the net homestead exemption value of $293,797.26. The net check received by the trustee from the sale proceeds was $435,906.21. The balance remaining after the application of the net homestead exemption is $142,108.95, one half of which $71,054.48 would be allocated to Browne. The total amount payable to Browne under this analysis is $217,953.11

34.    The trustee believes that Browne and Hansmeier are entitled to the following allocated amounts from the sale of the Property:
   a. Paul Hansmeier - $146,898.63
   b. Padraigin Browne - $217,953.11

## COUNT 2
### ALLOCATION OF FUNDS ABOVE ALLOWED EXEMPTION

34.    Plaintiff realleges paragraphs 1 through 33 of this Complaint.

35.    The sale of the Property, pursuant to this Court's order of December 3, 2015, resulted in the Plaintiff holding funds which had become property of the bankruptcy estate.

8

36.     Based upon the ruling and analysis of the Court in the hearing held on May 18, 2016, the Plaintiff believes, and therefore alleges, that Defendant Browne's sole entitlement to funds derived from the sale of the Property is her right to receive the amount jointly payable to her and Hansmeier for their exempt interest in the Property, in the total amount of $293,797.26 as set forth at paragraph 33 of the Complaint, which amount has already been paid to them.

37.     The remaining funds derived from the Property sale, and in the possession of the Plaintiff, are non-exempt property of the bankruptcy estate subject to a potential claim by Defendant Padraigin Browne.

38.     Plaintiff believes that the estate is entitled to an allocation of the remaining funds as the Debtor contributed most if not all of the equity to the Property, in an amount to be determined by the court, but with the estate retaining not less than $34,177.71 of the funds held by the Plaintiff.

~~35.     The remaining balance of $71,054.47 is non-exempt property of the Bankruptcy Estate.~~

WHEREFORE, the trustee seeks an Order from the Court holding:

1.     Pursuant to Count 1, Defendants are entitled to a joint amount of $293,797.26 from the sale proceeds, which they have already received.

2.     Pursuant to Count 2, the funds remaining from the sale of the Property, after disbursement of the $293,797.26 to the Defendants on account of their homestead exemption, are

9

non-exempt property of the bankruptcy estate, subject to the Court's equitable allocation to Browne on account of her contributions to the Property's equity.

    3.    Granting such other and further relief as is acceptable to the court.

~~1.    That the Defendants are entitled to an allocation in the following amounts, currently held by the trustee, from the sale of the Property:~~

~~a.    Defendant Paul Hansmeier: $146,898.63~~
~~b.    Defendant Padraigan Browne: $217,953.11~~

~~2.    That the remaining net proceeds from the sale of the Property totaling $71,054.47 are non-exempt property of the bankruptcy estate of Paul Hansmeier.~~

~~3.    Granting such other and further relief as is acceptable to the court.~~

                                      **FULLER, SEAVER,**
                                      **SWANSON & KELSCH, P.A.**

Dated:    ~~February~~ June 22, 2016

                                      ~~/e/ Matthew D. Swanson~~

                                      Randall L. Seaver             152882
                                      Matthew D. Swanson     390271
                                      12400 Portland Avenue South, Suite 132
                                      Burnsville, MN 55337
                                      (952) 890-0888; (952) 890-0244 (fax)
                                      mswanson@fssklaw.com

                                      Attorneys for Plaintiff

10

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

|  |  |
|---|---|
| In re: | BKY No. 15-42460 |
|  | ADV No. 16-4018 |

Paul Hansmeier,

       Debtor.

---

Randall L. Seaver, Trustee,

       Plaintiff,

                                **ORDER AUTHORIZING AMENDED COMPLAINT**

vs.

Paul Hansmeier and Padraigin Browne,

       Defendants.

---

This case is before the court on the plaintiff's motion for authorization to amend the complaint.

Based on the motion and the file,

IT IS ORDERED:

1. The plaintiff's motion is granted and the plaintiff is authorized to file and serve the Amended Complaint as requested in the motion; and

2. The Defendant shall respond to the Amended Complaint within ten (10) days after the service of the Amended Complaint.

Dated:                                                             _____

                                                                                Kathleen H. Sanberg
                                                                                 Chief United States Bankruptcy Judge